1
2
3
4
5
6
7

8                          UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    MAURICE MUHAMMAD,                          No.  2:14-cv-1483 AC P

12                    Plaintiff,

13          v.                                   ORDER

14    JUDGE PATRICK MARLETTE, et al.,

15                    Defendants.

16

17          Plaintiff, a state prisoner at Delano Modified Community Correctional Facility, has filed a

18    document styled "Motion For Prosecution Under 'RICO' / USCS Sections 1962, 1963, 1964,"

19    ECF No.1, which the Clerk of the Court docketed as a habeas petition because it appears to attack

20    the validity of petitioner's conviction.   The correct characterization of the pleading is discussed

21    below.  Plaintiff has consented to the jurisdiction of the undersigned.  ECF No. 4.  Plaintiff has

22    also filed a motion to proceed in forma pauperis, ECF No. 2, and appears to qualify for such

23    status.  However, the court will not rule on the motion or assess filing fees, because the action

24    must be summarily dismissed for the reasons now explained.

25          I.      Plaintiff Lacks Standing To Bring A Motion For Prosecution, And The Court

26                  Lacks Jurisdiction To Entertain Such A Motion

27          A "Motion For Prosecution Under 'RICO'" is not cognizable as such.  Plaintiff seeks

28    initiation of criminal RICO charges against various persons involved with the criminal case that

                                                  1

1  led to his incarceration.[1]  The court does not initiate criminal prosecutions, the United States

2  Attorney does.  See United States v. Nixon, 418 U.S. 683, 693 (1974) ("the Executive Branch has

3  exclusive authority and absolute discretion to decide whether to prosecute a case. . . .") (internal

4  citations omitted).  Moreover, "a private citizen lacks a judicially cognizable interest in the

5  prosecution or nonprosecution of another."  Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973).

6  Accordingly, plaintiff lacks standing to seek prosecution of the defendants.  Finally, the relief that

7  plaintiff seeks is not an available remedy under civil RICO, in habeas, or under the civil rights

8  statute, 42 U.S.C. § 1983.  Because this court is entirely without authority to grant the requested

9  relief, the "motion" must be summarily denied.

10         II.     Plaintiff's Allegations Do Not Support A Civil RICO Claim

11         Although the Racketeer Influenced and Corrupt Organizations Act ("RICO") does provide

12  a civil remedy, it would be patently futile in this case to grant plaintiff leave to amend in order to

13  present a civil RICO complaint.  A civil RICO claim requires allegations establishing the

14  following: "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity

15  (known as predicate acts) (5) causing injury to plaintiff's business or property."  Living Designs,

16  Inc. v. E.I. Dupont de Nemours & Co., 431 F.3d 353, 361 (9th Cir. 2005), cert. denied, 547 U.S.

17  1192 (2006) (internal quotation marks and citations omitted).  To prevail, a plaintiff must also

18  "show that the defendant caused injury to his business or property."  Fireman's Fund Ins. Co.,

19  258 F.3d at 1021 (citing 18 U.S.C. § 1964(c)).  To state a claim under RICO, it must be

20  demonstrated "that the defendants engaged in at least two acts of 'racketeering activity,' as that

21  term is defined in 18 U.S.C. § 1961(1)."  Bowen v. Oistead, 125 F.3d 800, 806 (9th Cir. 1997)

22  (citing Sun Sav. & Loan Assn., 825 F.2d at 191), cert. denied, 524 U.S. 938 (1998).  However,

23  civil rights violations do not fall within the statutory definition of "racketeering activity."  Id.; see

24  also Hernandez v. Cate, 918 F. Supp. 2d 987, 1019 (E.D. Cal. 2012).

25         In his "motion," plaintiff alleges that the defendants "conspired to violate the plaintiff's

26

27  [1] The defendants named in the putative motion include superior court judges, county prosecutors,
    and the assistant public defender and appointed appellate counsel who represented plaintiff in his
28  underlying criminal case.

1   constitutional rights and committed civil wrongs against him under the color of law."  ECF No. 1

2   at 1-2.  The alleged predicate acts include due process violations in the course of criminal

3   proceedings, judicial misconduct, ineffective assistance of counsel, and other violations of the

4   constitutional rights afforded to criminal defendants.  Id. at 2-6.  Because none of these

5   constitutional violations constitute predicate acts for purposes of civil RICO, amendment would

6   be futile.  See Silva v. Di Vittorio, 658 F.3d 1090, 1105-06 (9th Cir. 2011).

7           III.     The Court Declines To Construe The Motion As A §1983 Complaint

8          Several aspects of the putative motion for prosecution suggest that it might be construed

9   as a civil rights complaint under 42 U.S.C. § 1983 (rather than a habeas petition, as the Clerk of

10  Court construed it).  Plaintiff describes himself as "plaintiff" and refers to the litany of parties he

11  names within the document as "defendants."  He characterizes the putative defendants as

12  "tortfeasors" who acted "under color of law."  He refers throughout to violations of his civil and

13  constitutional rights, including an allegation that he has been subjected to cruel and unusual

14  punishment.  All of these factors suggest that plaintiff may be intending to state claims under §

15  1983.  However, if this action were construed as (or amended to present) a civil rights complaint,

16  it would be subject to summary dismissal under 28 U.S.C. 1915(e)(2)[2] for the following reasons.

17          A.  Heck Bar

18         A prisoner may not proceed under § 1983 if a judgment favoring plaintiff "would

19  necessarily imply the invalidity of his conviction or sentence."  Heck v. Humphrey, 512 U.S. 477,

20  487 (1994).  In such a case, plaintiff is foreclosed from proceeding absent proof that the

21  conviction or sentence has been reversed, expunged or invalidated.  Id. at 486-487.  This rule

22  applies equally to claims for damages and to § 1983 complaints seeking injunctive relief:

23        [A] state prisoner's § 1983 action is barred (absent prior
24        invalidation)—no matter the relief sought (damages or equitable
          relief), no matter the target of the prisoner's suit (state conduct
25        leading to conviction or internal prison proceedings)—if success in

---

26  [2] The statute provides that the court must dismiss a proceeding in forma pauperis when the court
    determines that the action is frivolous, malicious, fails to state a claim, or seeks relief from a
27  defendant who is immune from such relief.  § 1915(e)(2)(B).  As previously noted, plaintiff
    qualifies for in forma pauperis status and would proceed under § 1915 were the case to proceed at
28  all.

                      3

1    that action would necessarily demonstrate the invalidity of
     confinement or its duration.

2

3   Wilkinson v. Dotson, 544 U.S. 74, 81-82 (2005).

4        Plaintiff's allegations of malicious prosecution, due process violations, Miranda

5   violations, ineffective assistance of counsel, judicial misconduct, and related violations of his

6   rights as a criminal defendant directly implicate the validity of his conviction. Accordingly,

7   plaintiff is barred from proceeding under § 1983 unless his conviction or sentence has been

8   reversed, expunged or invalidated. The court takes judicial notice of Muhammad v. Diaz, No.

9   2:13-cv-0153 JKS, a habeas corpus action under 28 U.S.C. § 2254 in which plaintiff challenged

10  his conviction for stalking, making criminal threats, false imprisonment, robbery, and spousal

11  battery.[3] Having reviewed the allegations and exhibits presented in both actions, the undersigned

12  finds that they attack the same prosecution and conviction. The habeas petition was denied by

13  order filed on June 20, 2014. Because plaintiff's conviction was not reversed or invalidated, a §

14  1983 action on the grounds asserted here would be Heck-barred.[4]

15                B.  Judicial and Prosecutorial Immunities

16       Several superior court judges are named as defendants. The Supreme Court has held that

17  judges acting within the course and scope of their judicial duties are absolutely immune from

18  liability for damages under § 1983. Pierson v. Ray, 386 U.S. 547 (1967); Stump v. Sparkman,

19  435 U.S. 349, 356-7 (1978). Plaintiff also names various prosecutors as defendants. Prosecutors

20  are absolutely immune from civil suits for damages under § 1983 which challenge activities

21  related to the initiation and presentation of criminal prosecutions. Imbler v. Pachtman, 424 U.S.

22  409 (1976). Even charges of malicious prosecution, falsification of evidence, coercion of

23  perjured testimony and concealment of exculpatory evidence will be dismissed on grounds of

24  _____

25  [3] Judicial notice may be taken of court records. Valerio v. Boise Cascade Corp., 80 F.R.D. 626,
    635 n.1 (N.D. Cal. 1978), aff'd, 645 F.2d 699 (9th Cir.), cert. denied, 454 U.S. 1126 (1981).

26  [4] Moreover, the court observes that, to the extent that plaintiff's allegations here formed the basis
    of any claims denied in his habeas application, the doctrine of res judicata could preclude

27  assertion of claims and/or issues in a § 1983 action. Hawkins v. Risley, 984 F.2d 321, 323 (9th
    Cir. 1993) (per curiam) (holding that "a prior federal habeas decision may have preclusive effect

28  in a § 1983 action.").

                                        4

1   prosecutorial immunity.  See Stevens v. Rifkin, 608 F.Supp. 710, 728 (N.D. Cal. 1984).

2   Accordingly, plaintiff cannot maintain his asserted claims against the judicial and prosecutorial

3   defendants, all of which involve acts they took in relation to his criminal case.

4                    C.  Public Defenders

5          Plaintiff also claims that his public defender and appointed appellate counsel violated his

6   rights.  In order to state a claim under section 1983, a plaintiff must allege that: (1) defendant was

7   acting under color of state law at the time the act complained of was committed; and (2)

8   defendant's conduct deprived plaintiff of rights, privileges or immunities secured by the

9   Constitution or laws of the United States.  Parratt v. Taylor, 451 U.S. 27, 535 (1981), overruled

10  on other grounds, Daniels v. Williams, 474 U.S. 327 (1986).  Public defenders do not act under

11  color of state law for purposes of § 1983.  Polk County v. Dodson, 454 U.S. 312, 325 (1981).

12  Accordingly, plaintiff cannot maintain civil rights claims against his lawyers.

13                   D.  Conspiracy

14         To pursue a conspiracy claim under § 1983, plaintiff must make some showing of an

15  agreement or a meeting of the minds on the part of defendants to violate his constitutional rights.

16  Woodrum v. Woodward County, 866 F.2d 1121, 1126 (9th Cir. 1989), citing Fonda v. Gray, 707

17  F.2d 435 (9th Cir. 1983); see also, United Steelworkers of America v. Phelps Dodge Corp., 865

18  F.2d 1539, 1540-41 (9th Cir.1989) (en banc).  Conspiracy allegations must be supported by

19  material facts and not be merely conclusory statements.  Lockary v. Kayfetz, 587 F. Supp. 631,

20  639 (N. D. Cal. 1984).  The allegations of conspiracy here are entirely conclusory.

21                   E.  Futility of § 1983 Complaint

22         To the extent that the pleading before the court could be construed as a civil rights

23  complaint under § 1983, it would be subject to summary dismissal under 28 U.S.C. 1915(e)(2)

24  because (1) the action is Heck-barred and (2) the defendants are all either absolutely immune or

25  not cognizable as defendants under the civil rights statute.  For the same reasons, it would be

26  futile to grant plaintiff leave to amend his "Motion for Prosecution" in order to style it as a § 1983

27  complaint.

28  ////

5

IV.    Construed as a Habeas Petition, The "Motion" Is Subject To Summary Dismissal

Because plaintiff's allegations directly implicate the validity of his conviction, the Clerk of Court quite reasonable construed the initial pleading as a habeas petition under 28 U.S.C. § 2254.  So construed, it is substantially (if not wholly) duplicative of Muhammad v. Pilkington, No. 2:13-cv-0153 JKS, and subject to dismissal as such.

Moreover, if construed as a habeas action, this proceeding would be subject to dismissal as an unauthorized second or successive application for relief.  "Before a second or successive application . . . is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."  28 U.S.C. § 2244(3)(A).  Plaintiff has not demonstrated that he has sought and received the Ninth Circuit's authorization to proceed on a second habeas petition.

Because it plainly appears from the initial filing and its attachments that plaintiff is not entitled to habeas relief, summary dismissal is warranted under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

V.    Conclusion

Plaintiff's "Motion For Prosecution Under 'RICO'" is entirely non-cognizable.  Construed as either a habeas petition or a complaint under § 1983, it is subject to summary dismissal for the reasons explained above.  "Under Ninth Circuit case law, district courts are only required to grant leave to amend if a complaint can possibly be saved.  Courts are not required to grant leave to amend if a complaint lacks merit entirely."  Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000).  Because plaintiff's allegations could not state a civil RICO claim even by amendment with additional facts, and because both habeas corpus and § 1983 relief are unavailable for the reasons discussed above, amendment would be futile.  This case must be summarily dismissed.

In accordance with the above, IT IS HEREBY ORDERED that this case is dismissed with prejudice.

DATED: October 17, 2014

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

6